Dear Ms. Morris:
We are in receipt of your request for an Attorney General's opinion regarding the procedures for declaring an office vacant. You have provided our office with a copy of a proclamation of the Concordia Parish School Board declaring a vacancy in the office of Ward 4A, and a copy of the opinion regarding Mr. Arthur A. Arnold's domicile rendered by Hon. John F. Johnson, District Attorney for the Seventh Judicial District. You have requested our opinion on the following question:
 Is it necessary for the district attorney to institute a suit in the district court of the officeholder's domicile to obtain a judgement declaring the office vacant in accordance with La. R.S. 18:674?
LSA-R.S. 18:671 et seq. provides procedures for obtaining a judgment to declare an office vacant. As stated in Section 671, these procedures are "[I]n addition to other procedures authorized by law" to declare an office vacant. Generally, such other procedures can be found at R.S. 18:581 and 601 et seq., and specifically at R.S. 17:52.
In the present matter, the District Attorney received a complaint regarding the domicile of a Concordia Parish School Board member, Mr. Arthur A. Arnold. In accordance with R.S. 18:673, the District Attorney investigated the complaint and provided a written opinion to the complainant and to the school board, concluding that Mr. Arnold no longer met the domicile requirements of the office. The District Attorney noted in his opinion that the law (R.S. 18:671 et seq.) has three requirements: (1) an investigation of the complaint, (2) a written opinion to the complainant and the political subdivision to which the officeholder has been elected, with reasons, as to whether the officeholder meets the residence requirements of his office, and (3) the institution of suit to declare the office vacant if the officeholder no longer meets the residence and domicile requirements of his office. However, the District Attorney chose not to perform the third requirement for the following reasons, as stated in his opinion of November 20, 1995:
 "The reason this office is not filing suit to declare the office vacant is because LSA-R.S. 18:675 states that the provisions of LSA-R.S. [18:]672 et. seq. shall not be construed as the exclusive procedure for declaration of vacancy in public office and shall not be construed to repeal any other provision of law for the removal of public officers or declaration of vacancy in public office.
 There are specific statutes dealing with school board members who do not possess the domicile or residence requirements for the office. LSA-R.S. 17:52 E. (2), LSA-R.S. 18:581 (1), and LSA-R.S. 18:602 B. Under these statutes, a vacancy occurs as a matter of law, without the necessity of a lawsuit, and the school board has a duty to within ten days declare the vacancy and appoint a person who meets the qualifications to the office."
While we agree with these conclusions, we do not agree with the District Attorney's decision not to file suit to declare the office vacant. LSA-R.S. 18:674 states, in pertinent part:
 A. The proper official shall institute suit in the district court of the officeholder's designated domicile to obtain a judgment declaring the office vacant within ten days after the issuance of his opinion, . . .
This language is mandatory and therefore, the District Attorney has no choice in the matter as to whether to perform this duty. "[T]he word `shall' is mandatory and the word `may' is permissive." LSA-R.S. 1:3. While there are other procedures to declare an office vacant, the law clearly allows any voter lawfully registered in the district from which an officeholder has been elected to file a complaint with the proper official to have an office declared vacant. In such event, the proper official is required by law to investigate, issue a written opinion of his findings, and institute suit to obtain a judgment declaring the office vacant, if it is the official's opinion that the officeholder no longer meets the residence or domicile requirements of the office.
In answer to your question, it is the opinion of this office that it is a mandatory duty of the proper official (in this case, the district attorney) to institute suit to obtain a judgment declaring an office vacant when a complaint has been filed, investigated, and the official has concluded that the officeholder no longer meets the residence or domicile requirements of the office. However, due to the fact that the school board has issued a resolution declaring a vacancy in the office of school board member, Ward 4A, made an appointment to fill the vacancy and called for a special election in accordance with law, it would be a useless act for the District Attorney to now file suit to declare the office vacant. Accordingly, the Secretary of State should proceed with the special election called by resolution of the Concordia Parish School Board.
If you have any further questions regarding this matter, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL _________________________________
 ANGIE ROGERS LaPLACE Assistant Attorney General
ARL/pb
cc: Hon. John F. Johnson
Concordia Parish School Board
DATE RECEIVED:
DATE RELEASED:
ANGIE ROGERS LAPLACE ASSISTANT ATTORNEY GENERAL